UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

JHON LATACELA, on behalf of himself and
others similarly situated,

                Plaintiff,

- against -

AARON COHEN and THOMPSON REST. INC.
d/b/a/ DON GIOVANNI RISTORANTE,

                Defendant.

----

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/7/10

10 Civ. 4653 (RJH)

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, District Judge:

    This case involves an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for unpaid minimum wages and unpaid overtime wages. On August 20, 2010, the defendants moved for summary judgment and for judicial approval of a settlement allegedly reached by the parties. The plaintiff countered in his opposition of August 23, 2010 that he had since withdrawn support for the settlement because the sum certain agreed to by the parties was based on faulty calculations by the plaintiff. Plaintiff mistakenly calculated that he was owed $1,415.82 in unpaid minimum wages, rather than $14,170. (PX-A.) This miscalculation also affected the amount the plaintiff claimed in liquidated damages, since employees are entitled to liquidated damages (in addition to back wages) equal to the amount of unpaid wages. 29 U.S.C. § 216(b).

    "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under [29 U.S.C. § 216(c)], the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. Second [sic] when employees bring a private action for back wages under the FLSA, and present to the

district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Manning v. New York Univ.*, 2001 WL 963982 (S.D.N.Y. Aug. 22, 2001). Even assuming that the agreement defendant presses the Court to approve remains valid, the Court is not satisfied that it is fair. Under the agreement, the plaintiff would receive approximately $28,000 less than the amount he claims he is owed not for strategic reasons, but rather because plaintiff's counsel made an arithmetical error. *Cf. Elliot v. Allstate Investigations, Inc.*, 2008 WL 728648, at *2 (S.D.N.Y. Mar. 19, 2008) (approving settlement of less than half the amount plaintiff claims he was owed under the FLSA when the plaintiff could not support his claims through documentary evidence and the defendant could not pay more than the amount agreed to).

Accordingly, defendant's motion for summary judgment [9] is DENIED.

SO ORDERED.

Dated: New York, New York
~~September~~ Oct. 5, 2010

Richard J. Holwell
United States District Judge